# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIMAS SANTIAGO,** | **CIVIL ACTION NO. 1:13-CV-2696** |
| Plaintiff, | (Chief Judge Conner) |
| v. | |
| **SCI CAMP HILL MEDICAL DEPT. PSYCHIATRY NAME UNKNOWN,** *et al.,* | |
| Defendants. | |

## **ORDER**

AND NOW, this 10th day of December, 2013, upon consideration of the report of Magistrate Judge Thomas M. Blewitt (Doc. 7), recommending the court deny plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* and dismiss without prejudice plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(g) (the "three strikes rule") because plaintiff has previously had at least three civil actions dismissed as frivolous, malicious or for failure to state a claim, see Santiago v. Saul, No. 1:12-cv-2007 (M.D. Pa. Aug. 14, 2013); Santiago v. Lebanon Cnty. Prison, No. 1:13-cv-0292 (M.D. Pa. Aug. 13, 2013); Santiago v. Lebanon Cnty. Prison, No. 1:13-cv-0587 (M.D. Pa. July 10, 2013), and has failed to satisfy the imminent danger exception to the three strikes as articulated in Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*), and is barred from filing any future lawsuits *in forma pauperis*, and, following an independent review of the record, it appearing that neither party has objected to the report, and that there is no

clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 7) is ADOPTED in its entirety.

2. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is DENIED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania